UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DRYWALL TAPERS AND POINTERS OF GREATER )
NEW YORK LOCAL UNION 1974, IUPAT, AFL-CIO, )
                                                               ) Index No.: 18-CIV-5618 (AJN)
                         Plaintiff,                         )
                                                               ) AFFIRMATION IN SUPPORT OF
                 -against-                  ) DEFAULT JUDGMENT
                                                               )
CEI CONTRACTORS, INC., )
                                                  Defendant. )

---

STATE OF NEW YORK            )
COUNTY OF WESTCHESTER ) ss.:

Lauren M. Kugielska, being duly sworn, deposes and says:

1. I am a member of the bar of this Court and am associated with the firm Barnes, Iaccarino & Shepherd LLP as the attorneys of record for the Plaintiffs, Drywall Tapers and Pointers of Greater New York Local Union 1974, IUPAT, and AFL-CIO (hereinafter referred to as the "Union" in the above-entitled action. I am fully familiar with the facts set forth herein and I submit this Affirmation in support of Plaintiffs' entry of default judgment.

2. Neither I nor any associate of the firm are salaried employees of Plaintiffs. I am fully competent to make this Affirmation and I have personal knowledge of the facts stated herein. To my knowledge, all the facts stated in this Affidavit are true and correct.

3. Plaintiff Union is a labor organization within the meaning of Section 301 of the Taft Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and further defined in Section 12 of the General Associations Law of the State of New York.

4. Defendant, CEI Contractors, Inc. (hereinafter referred to as the "Employer") is an Employer within the meaning of Section 3(5) and 515 of ERISA, 29 U.S.C. Section 100295) and 1145, and Employers in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. Section 185.

5. The Collective Bargaining Agreement (the "CBA") between the Union and the Employer provides that grievances that arise between the parties that are unable to be resolved may be referred to the Drywall Taping Industry Board (the "Joint Trade Board"), comprised of representatives of the Union and the Drywall Taping Contractors' Association of Greater New York (the "Association"). A true and correct copy of the CBA is annexed hereto as Exhibit "A." *See* Exhibit "A," Article XIII, Subsection D.

6. This is an action to enforce a Decision of the Joint Trade Board against the Employer, pursuant to a hearing conducted on April 20, 2018, for failure to pay benefits owed to member Richard Bernard, along with interest, liquidated damages, legal fees and court costs incurred in the instant action.

7. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

8. This action was commenced on June 21, 2018 by the filing of a Summons and Complaint. The Summons and Complaint were served upon the Employer on July 9, 2018 via Secretary of State.

9. Proof of Service was filed with the Clerk of this Honorable Court on July 26, 2018. True and correct copies of the Summons, Complaint, and Affidavit of Service of the Summons and Complaint are annexed hereto as Exhibit "B".

10. I certify that the Plaintiffs are unaware of any other address where the defaulting party may be found.

11. Defendant has not filed or served an Answer, Motion or otherwise responded to Plaintiffs' Summons and Complaint.

12. The Employer failed to appear at the April 20, 2018 hearing conducted before the Joint Trade Board.

13. The Joint Trade Board issued its Decision on April 20, 2018. A true and correct copy of The Decision is annexed hereto as Exhibit "C".

14. The Joint Trade Board issued a Decision against the Employer in the amount of $5,807.63 reflecting benefits owed to the Union.

15. Your affirmant was admitted to the United States District Court for the Southern District of New York in 2014, and my firm has been prosecuting actions for the recovery of employee benefits on behalf of various union trust funds for more than twenty (20) years. During the course of this case, I acted as lead counsel with court filings. The customary rate for an associate attorney in our firm is $300.00 per hour. The attorneys' fees sought on this application are 9.4 hours @ $300.00 per hour = $ 2,820.00. This rate and fee are reasonable and justified given the circumstances of this matter.

16. It is my opinion and belief, based upon my years in practice in the State of New York and my experience in litigation involving benefit fund contribution obligations that $ 2,820.00 represents fair and reasonable value of the attorneys' services and is equal to or less than the usual fee charged by attorneys for comparable services in the United States District Court, S.D.N.Y. Additionally, it is my professional opinion that all fees represent services that were necessary to secure the result obtained.

a. The amount of this fee is calculated as follows:

| Date | Description | Hours |
|---|---|---|
| April 30, 2018 | Sent JTB Decision to Employer | 0.6 hours |
| May 10, 2018 | Prepared and sent demand letter to the Defendant | 0.6 hours |
| June 19, 2018 | Reviewed client statements, prepared and filed Complaint, Civil Cover Sheet & Summons | 3.00 hours |
| June 19, 2018 | Prepared and filed Rule 7.1 Statement | 0.6 hours |
| July 26, 2018 | Filed Affidavit of Service | 0.6 hours |
| August 21, 2018 | Prepared Proposed Clerk's Certificate of Default, Affirmation In Support of Proposed Default Clerk's Certificate of Default. | 3.0 hours |
| September 7, 2018 | Prepared Proposed Default Judgment, Affirmation in Support of Default Judgment. | 3.0 hours |
| **TOTAL:** | | **9.4 hours** |

17. As a result of Defendant's default, Plaintiffs are entitled to damages as follows: $ 2,820.00 in attorneys' fees; court costs and disbursements in the amount of $465.00 pursuant to the Agreement and in accordance with Section 502 (g)(2)(D) of ERISA 29 U.S.C. 1132 (g)(2)(D)).

18. Article XV, paragraph 2 of the parties' collective bargaining agreement (the "CBA") provides that

> [t]he cost of administration necessary to carry out the functions of the Joint Board shall be borne by all Employers in agreement with Local Union 1974 and shall for all purposes constitute an expense of doing business under this Agreement. *See,* Exhibit "A," Article XV, paragraph 2, pg. 26.

Furthermore, the CBA provides that "[signatory] [ ] Employer[s] shall be liable for all costs for collections of [ ] [Joint Board] payments due together with attorney's fees and such penalties as may be assessed by the Joint Board. *See id.*.

Accordingly, Article XV of the parties' CBA authorizes the Union's Joint Board, which issued the decision that is the subject of the instant action, to assess penalties including interest, liquidated damages, legal fees and court costs against signatory employers, such as CEI Contractors, Inc.. The Union's Joint Board routinely assesses interest calculated at 5.25% per annum in order to "recover the administrative charges owing to the Joint Board" associated with the Joint Board's efforts to collect delinquent assessments against charged signatory employers. *Id.*. Defendant's failure to comply with the terms of the Union's Joint Board decision, the subject of the instant action, has resulted in administrative costs to the Union. Therefore, the parties' CBA authorizes the Joint Board to collect interest in the amount of $131.16, liquidated damages in the amount of $580.76 to make Plaintiff whole.

19. Judgments for any unpaid fines for failure to register a job, plus liquidated damages calculated at 10% of the principal amount due, interest at a rate of 5.25% per annum of the principal amount due, attorneys' fees, auditors' fees, court costs and disbursements.

20. Upon information and belief, there is no just reason for delay of entry of a judgment against the Employer.

21. The Statement of Damages provides contributions, interest calculations, liquidated damages, court costs, and attorney's fees, which correctly corresponds with the CBA, the Collection Policy of the Union's Insurance, Pension and Annuity Funds and is in accordance with 502 of ERISA, 29 USC 1132.

22. No part of the Judgment being sought has been paid.

**WHEREFORE,** Plaintiffs request the entry of Default and the entry of the annexed Judgment against Defendant in the amount of $9,804.55.

Dated: Elmsford, New York
September 7, 2018

                                     */s/ Lauren Kugielska*
                                     Lauren M. Kugielska, Esq.
                                     BARNES, IACCARINO
                                     & SHEPHERD LLP
                                     258 Saw Mill River Road
                                     Elmsford, New York 10523
                                     (914) 592-1515